IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MUHAMMAD RYEHYIEN MORRIS,
      Plaintiff,

vs.                                     Case No.:  3:10cv369/LAC/EMT

STATE OF FLORIDA, et al.,
      Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 6).  Leave to proceed in forma pauperis has been granted (Doc. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  See Oladeinde v. City of

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

I.      FACTS[2]

        Plaintiff, an inmate committed to the custody of the Florida Department of Corrections ("FDOC"), is housed at Holmes Work Camp (Doc. 6 at 2).[3]  He names two Defendants in this action, Judge John Brown and State Attorney Alvin Schlechter (*id.* at 1–2).[4]  Plaintiff states that on August

---

        [1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

        [2] The undersigned conveys as facts those facts alleged by Plaintiff in his amended complaint (Doc. 6) and refers to Plaintiff's original complaint only when the allegations included therein clarify the facts in his amended complaint.

        [3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

        [4] In his initial complaint, Plaintiff named three Defendants, none of whom are named in the amended complaint (*see* Doc. 1 at 1; Doc. 6 at 1).  Therefore, the clerk shall be directed to delete the original Defendants, namely, State of Florida, Leon County, and Okaloosa County, and add the two individuals named in the amended complaint, Judge John Brown and State Attorney Alvin Schlechter.

21, 2006, he was sentenced in the Circuit Court in and for Okaloosa County, Florida, Case Nos. 2006-CF-000309, 2006-CF-000549, 2006-CF-001512, and 2006-CF-001573, on eight counts, including one count of fleeing or attempting to elude a law enforcement officer (a violation of Fla. Stat. § 316.1935(3)), two counts of possession of a controlled substance (a violation of Fla. Stat. § 893.13(6)(a)), one count of driving without a valid driver's license (a violation of Fla. Stat. § 322.03(1)), one count of child abuse (a violation of Fla. Stat. § 827.03(1)), one count of battery (a violation of Fla. Stat. § 784.03), one count of giving a false name to a law enforcement officer (a violation of Fla. Stat. § 901.36(1)), and one count of failure to appear (a violation of Fla. Stat. § 843.15(1)(a)) (*see id.* at 5; *see also* Doc. 1 at 5; Doc. 6 at 8–12).  Plaintiff states he was sentenced to one 15-year term of incarceration, with twelve (12) years suspended on the condition that he successfully complete probation of all other counts (*see* Doc. 6 at 5, 12; *see also* Doc. 1 at 5).

Plaintiff alleges he completed his prison term and violated his probation, for which Judge John Brown sentenced him, on September 24, 2009, to concurrent terms of three (3) years of incarceration and some jail time, followed by a two-year period of probation (Doc. 6 at 5, 8–12). Plaintiff contends this second sentencing violated the Double Jeopardy Clause (*id.* at 5).  He also states Judge Brown entered an amended judgment on May 20, 2010, rescinding a prior award of sentence credit, without providing Plaintiff notice or representation by counsel (*id.* at 5–6).  Plaintiff contends this constituted a due process violation and a double jeopardy violation (*id.* at 5–7). Plaintiff states State Attorney Schlechter, who represented the State during the proceedings, also violated the Double Jeopardy Clause (*id.* at 6).  Plaintiff states he does not seek to invalidate his sentences, he merely seeks punitive damages in the amount of $2,500,000.00 for the alleged constitutional violations (*id.* at 7).

II.   ANALYSIS

As Plaintiff was previously advised by the court (*see* Doc. 5), the Supreme Court has held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 4886–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383

(1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*, 512 U.S. at 487. In this case, Plaintiff seeks damages for allegedly unconstitutional sentences; however, he has failed to show that he has first obtained invalidation of the sentences through habeas corpus or other appropriate state remedy. Therefore, his claim is not cognizable under § 1983.

III.    CONCLUSION

Based on the foregoing, the court concludes that this action should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED**:

The clerk shall terminate the State of Florida, Leon County, and Okaloosa County as Defendants and add Judge John Brown and State Attorney Alvin Schlechter.

And it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 13th day of December 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**